**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 00-6117**

---

JAMES KISER HAZEL, JR.,

Plaintiff - Appellant,

versus

STATE OF SOUTH CAROLINA; CHARLES CONDON, At-
torney General of the State of South Carolina,

Respondents - Appellees.

---

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., District
Judge.  (CA-99-1903-6-13AK)

---

Submitted:  August 22, 2000        Decided:  September 26, 2000

---

Before WILKINS and TRAXLER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

James Kiser Hazel, Jr., Appellant Pro Se.  Donald John Zelenka,
Chief Deputy Attorney General, William Edgar Salter, III, OFFICE OF
THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina,
for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

James Kiser Hazel, Jr. appeals the denial of his 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000) petition. The district court adopted the report and recommendation of a magistrate judge and dismissed his petition as barred by the statute of limitations. See 28 U.S.C.A. § 2244(d) (West Supp. 2000). As the magistrate judge noted in his report and recommendation, because this was Hazel's second § 2254 petition, his filing of the current petition in the district court was barred absent authorization from this Court pursuant to § 2244(b).[1] Because Hazel did not obtain our authorization to file his successive § 2254 petition, we deny a certificate of appealability and dismiss this appeal. We also deny Hazel's Motion to Amend the Findings and his Motion for Temporary Restraining Order and/or Stay Pending Appeal.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[1] Hazel alleges that the previous petition was fraudulently submitted without his knowledge. The proper procedure for obtaining relief from such a fraud is a motion under Fed. R. Civ. P. 60(b) bearing the caption and case number of the prior petition.

[2] The denial of the motion for a restraining order is without prejudice to other remedies that may be available to Hazel.